IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| BERNAVE ALCARAZ, et al., <br><br> Plaintiffs, <br><br> v. <br><br> JANET NAPOLITANO, et al., <br><br> Defendants. | No. C-11-3716 MMC <br><br> **ORDER GRANTING DEFENDANTS' MOTION TO DISMISS; VACATING HEARING** |

Before the Court is the Motion to Dismiss, filed September 27, 2011 by defendants Janet Napolitano, Hillary Clinton, Alan Bersin, John Morton, and Eric Holder. Plaintiffs Bernave Alcaraz, Maria Alcaraz, E.V.A., C.A., and S.A. have filed opposition, to which defendants have replied. Having read and considered the papers filed in support and in opposition to the motion, the Court deems the matter suitable for decision on the parties' respective written submissions, VACATES the hearing scheduled for October 28, 2011, and rules as follows.

## BACKGROUND

Plaintiffs allege that Bernave Alcaraz ("Bernave"), a citizen of the United States, filed with the United States Citizenship and Immigration Service ("USCIS") an "immigration petition" on behalf of his wife, plaintiff Maria Bernave ("Maria"), a citizen of Mexico. (See Compl. ¶ 11.) Additionally, plaintiffs allege, Maria filed an "application to adjust her status" with USCIS. (See Compl. ¶ 11.) Plaintiffs further allege that, on August 28, 2009, "USCIS issued a denial based upon Maria's alleged prior 'encounter' with immigration on

November 29, 1996, her alleged return to Mexico on October 16, 1997 and her alleged 'unlawful return [in] March 1998." (See Compl. ¶ 12.)

On December 24, 2009, the Department of Homeland Security ("DHS") instituted removal proceedings against Maria by filing a Notice to Appear, in which the DHS charged Maria with being a person subject to removal as an "alien present in the United States who ha[d] not been admitted or paroled." (See Defs.' Mot. Ex. 1.) In a Decision dated June 17, 2010, following a hearing conducted "in absentia," Immigration Judge Tue Phan-Quang found "removability established as charged." (See Defs.' Mot. Ex. 2.) Immigration Judge Tue further found Maria had been provided written notice of the hearing and had failed to appear without good cause. (See id.)

Plaintiffs allege that thereafter, on June 8, 2011, Immigration and Customs Enforcement ("ICE") agents went to plaintiffs' residence, took Maria into custody, and, later that day, put her on a bus to San Diego. (See Compl. ¶¶ 20, 22, 29, 33.) Plaintiffs further allege that the following day, June 9, 2011, at 8:15 a.m., Bernave filed with the Immigration Court a motion to reopen proceedings, and that Maria was physically removed to Mexico later that same morning. (See Compl. ¶¶ 32, 34.)

In an order dated June 30, 2011, Immigration Judge Tue granted the motion to reopen proceedings, noting therein that the DHS had not opposed the motion. (See Defs.' Mot. Ex. 3.) By notice of the Immigration Court dated July 6, 2011, a November 10, 2011 hearing was set on the DHS's charge that Maria was removable. (See id.)

According to plaintiffs, counsel for Bernave and Maria requested that ICE allow Maria to return to the United States, but ICE "claim[ed] that it [was] not obligated to return her to the United States," based on ICE's claim that Maria had been removed on the morning of June 9, 2011 before Bernave had filed the motion to reopen proceedings. (See Compl. ¶¶ 36-37.)[1]

---

[1] In their opposition to the motion to dismiss, plaintiffs asert that an "automatic stay" of an order of removal arises by "operation of law" when a motion to reopen removal proceedings is filed before the removal is effectuated. (See Pls.' Opp. at 4:13-15.)

2

On July 28, 2011, plaintiffs filed the instant complaint, alleging therein that the order of removal filed in 2010 is void because Maria had not received notice of the 2010 removal proceedings. In particular, plaintiffs allege, the DHS mailed the notice to her former address and not to her current address of which the DHS was aware. (See Compl. ¶¶ 14-17.) Plaintiffs seek declaratory relief, and, further, an order requiring defendants to allow Maria to return to the United States.

Subsequent to the filing of the complaint, ICE, on August 19, 2011, granted Maria "parole" and, on August 29, 2011, Maria re-entered the United States. (See Defs.' Mot. Ex. 4.)

## DISCUSSION

The complaint consists of four causes of action. Each claim is based on the allegation that the removal order issued in 2010 is "void" (see Compl. ¶¶ 57, 68, 81) or "invalid" (see Compl. ¶ 74), because, plaintiffs assert, Maria did not receive proper notice of the removal proceedings.

In their motion to dismiss, defendants argue the Court lacks subject matter jurisdiction over plaintiffs' claims. In particular, defendants rely on 8 U.S.C. § 1252, which, in relevant part, provides as follows:

> The petition for review [of an order of removal] shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings. . . .
>
> . . . .
>
> Judicial review of all questions of law and fact, including interpretation and application of constitutional and statutory provisions, arising from any action taken or proceeding brought to remove an alien from the United States under this subchapter shall be available only in judicial review of a final order under this section. Except as otherwise provided in this section, no court shall have jurisdiction, by habeas corpus under section 2241 of Title 28 or any other habeas corpus provision, by section 1361 or 1651 of such title, or by any other provision of law (statutory or nonstatutory), to review such an order or such questions of law or fact.

8 U.S.C. § 1252(b)(2), § 1252 (b)(9).

As the Ninth Circuit has explained, § 1252 "provides that a petition for removal in the court of appeals is the sole and exclusive means for judicial review of an order of removal."

3

1 See Singh v. Gonzales, 499 F.3d 969, 971 (9th Cir. 2007) (internal quotation and citation omitted). By said statute, "Congress made clear that review of a final removal order is the only mechanism for reviewing any issue raised in a removal proceeding." Id. at 976 (internal quotation and citation omitted).

Here, each of the causes of action alleged in the complaint is based on the claim that the 2010 removal order is void and invalid as a result of improper notice. As noted above, however, a district court lacks jurisdiction to consider "questions of law and fact" arising from a "proceeding brought to remove an alien from the United States." See 8 U.S.C. § 1252(b)(9). Rather, any such question of law or fact must be raised in a petition for review filed with the court of appeals. See id.

Plaintiffs' reliance on this Court's decision in Castro-Castro v. Bardini, 2011 WL 2295176 (N.D. Cal. 2011) is misplaced. As this Court noted therein, cases in which an alien's claim has been found to be "independent of removal proceedings," and thus reviewable in the district court, are cases in which the alien "was prevented from obtaining review before the Ninth Circuit, and thus was deprived of the remedy afforded by [§ 1252]." See id., 2011 WL 2295176, at *4. Here, by contrast, as plaintiffs acknowledge in the complaint, Maria's motion to reopen removal proceedings was granted and removal proceedings are ongoing. (See Compl. ¶ 58.) If, after further proceedings, the Immigration Judge were to find Maria had proper notice of the 2010 hearing and thus is removable, Maria can seek judicial review in the Ninth Circuit Court of Appeals. See 8 U.S.C. § 1252(b).[2]

//
//
//
//

---

[2] If the Immigration Judge were to find Maria did not have notice of the 2010 proceedings, but that she is removable based on a different showing made at the second hearing, Maria likewise can seek review by the Ninth Circuit.

4

Accordingly, the Court finds the complaint is subject to dismissal for lack of subject matter jurisdiction.[3]

## CONCLUSION

For the reasons stated above, defendants' motion to dismiss is hereby GRANTED, and the complaint is hereby DISMISSED for lack of subject matter jurisdiction.

**IT IS SO ORDERED.**

Dated: October 25, 2011

MAXINE M. CHESNEY
United States District Judge

---

[3] Moreover, as set forth above, ICE afforded Maria leave to enter the United States after the instant complaint was filed, and, as plaintiffs acknowledge in their opposition to the motion to dismiss, she has entered the United States. Accordingly, to the extent the complaint seeks an order directing defendants to grant Maria permission to enter the United States, the complaint is moot.